**Doyle VAUGHN**

v.

**GULF COPPER, et al.**

**No. 1:98 CV 1617.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 9, 1999.

George Michael Jamail, Reaud Morgan & Quinn, Beaumont, TX, Craig Victor Depew, Clark Depew & Siess, Houston, TX, for plaintiff.

John Robert Walker, Brown Sims Wise & White, Houston, TX, for intervenor.

Leslie Dean Pickett, James M. Tompkins, Galloway Johnson Tompkins & Burr, Houston, TX, for defendant.

Stephen R. Campbell, U.S. Department of Justice, Washington, DC, for USA, third party defendant.

## MEMORANDUM

COBB, District Judge.

The question before the court is which defendant, in the event of Plaintiff's recovery, would be required to pay damages for a slip and fall that occurred on a ship owned by the United States. The plaintiff, Doyle Vaughn was hired by a subcontractor to paint the ship and was injured after allegedly slipping on a patch of leaked hydraulic fluid. Vaughn sued the contractor, Gulf Copper, in state court. Gulf Copper filed a third party complaint against All Marine Services, Ltd., an agent of the United States. The case was then removed to this court. Vaughn amended his complaint to assert claims against the United States directly, and the United States and Gulf Copper cross claimed against each other. Finally, for the sake of completeness, the Texas Workers' Compensation Insurance Fund intervened to protect its lien.

The specific issues addressed today are contained in cross motions for summary judgment concerning the indemnity clauses of the contract between Gulf Copper and the United States. Gulf Copper has filed a Motion for Partial Summary Judgment to establish that it is not contractually obligated to indemnify the United States for its own negligence. The United States has responded with a cross Motion for Partial Summary Judgment on the same indemnity issue. The facts material to this issue are not in dispute. It is left to the court to construe the contract as a matter of law.

The contract provisions at issue read in relevant part:

**H.5 INDEMNITY AND INSURANCE**

The Contractor shall indemnify and save and keep harmless the Government against any or all loss, cost, damage, claim, expense or liability whatsoever because of accident or injury to persons or property to others occurring in connection with the operations under this contract.

\*　　\*　　\*　　\*　　\*　　\*

**H.6 ADDITIONAL INDEMNITY AND INSURANCE**

(A) \*\*\*

(B) \*\*\*

(C) As to third parties, including, but not limited to, agents, employees or servants of the Contractor, or any subcontractor, the Contractor will defend, indemnify and hold harmless the Government, the vessel, its owners and charterers, from all claim, actions, suits, costs, demands and expense of all descriptions arising out of disease, illness, personal injury, death or property damage to any third party in any way related to or arising out of the performance of work under an IFB or RFP and this Agreement except to the *extent caused by the fault, error, act or omission, or negligence of the Government, its agencies or employees.* The burden of proving fault of the Government, its agencies or employees shall be borne by the Contractor.

(D) ***

[emphasis added]

■■■ In construing these provisions the court's goal is to "determine the parties' intentions by harmonizing and giving effect to each provision within the contract such that none is rendered meaningless." *Tennessee Gas Pipeline Co. v. Federal Energy Regulatory Commission,* 17 F.3d 98 (5th Cir.1994). This requires that the court "reconcile ambiguous provisions unless they are 'irreconcilable,' or 'necessarily repugnant.'" *Chapman v. Orange Rice Milling Company,* 747 F.2d 981 (5th Cir. 1984) (citations omitted). Should the court find such an intractable conflict in the contract language, "well-established principles of construction require that the specific trump the general provision." *United States Postal Service, v. American Postal Workers Union,* 922 F.2d 256 (5th Cir. 1991).

■■■ Much of the parties' arguments submitted to the court focus on whether the language of H.5 is sufficiently clear to indemnify an indemnitee for its own negligence under the standards articulated in *United States v. Seckinger,* 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970) and its progeny. However, in view of the limiting language in H.6 the court finds that it need not reach that issue: regardless of whether H.5 creates indemnity for the United States's own negligence, H.6 limits Gulf Copper's indemnification of the United States to exclude third party personal injuries caused by the United States' negligence.

The United States argues that H.5 is a broad promise to indemnify that extends even to the indemnitee's own negligence. The United States does not, however, offer an interpretation of the contract that would give effect to H.6; it only complains that Gulf Copper's construction of H.6 would read H.5 out of the contract.

The court finds just the reverse to be true: the United States's proposed reading of H.5 would negate H.6. If H.5 were understood to be an unbounded promise to indemnify in all circumstances, H.6's precise limitations on liability regarding third parties would be effaced from the contract. The very principles the United States invokes disfavor its construction of this document.

The contractual provisions here are neither irreconcilable nor necessarily repugnant. The court need not rewrite this contract to give meaning to each clause in it. The two provisions are easily reconciled where H.5 is read to be broad promise to indemnify with a limitation as to third parties personal injuries carved out by H.6.

Gulf Copper is obligated to indemnify the United States for cost arising out of personal injury to third parties "except to the extent caused by the fault, error, act or omission, or negligence of the Government." Gulf Copper is not bound to indemnify the United States for the negligence of the United States, its agencies or employees. The facts proven upon the bench trial of this case will determine which party was negligent, and the extent thereof.

For the reasons stated herein, the United States' Motion for Summary Judgment is denied and the Motion for Partial Summary Judgment of the defendant Gulf Copper is granted to the extent expressed in this memorandum.